OPINION of the Court, by
Judge Bibb.
The first assignment of error supposes that the judges erred ⅛ suffer'n8 a submission to themselves as arbitrators to be: entered of record. This question was considered in the case of Gallotvay’s heirs vs. Webb, at the last term, aru' such a submission was adjudged to be good, and the entry, of it permissible.
The second and third assignments are predicated uPon a misconstruction of the clerk’s certificate of the continuation of the cause from the February term 1804 until the August term 1805.
The fourth assignment may or may not be true in iact. What evidence the arbitrators acted upon, does, not appear from the record ; and therefore it is not ne-t0 more on that
... . , , , , , I he firth assignment is contradicted by the record.
The sixth assignment is, that “ it does not appear that ^ part;es were present when the award was made, so, that they might object to improper testimony, and know to what term of said courtthe award would be returned.”
Neither does it appear that the parties were not pre^ sent before the arbitrators. Whether the arbitrators proceeded in the absence of the one party or the other, and without sufficient cause for so doing, are questions which do not seem to have been stirred in the court below, and it is too late now to stir them for the first time in the appellate court. It appears by the record that the parties v/ere duly served with copies of the award, according to the requisition of the statute. This afforded an opportunity of knowing to what term of the court the award should be returned, and of making objections to entering it as the decree of the court. If the arbitrators had, in truth, proceeded ex parte, the objection should have been made for that cause, upon the return of the award, and if the court had without cause overruled the objection, the case should have been spread upon the record, so that this court might revise the *149 judgment or decree of that court on the point. Herewith agrees the decision in Shult vs. Travis, (Pr. Dec. 163); and when the case of Philips vs. Travis, (Pr. Dec. 202) is rightly considered, it will be found not to, differ in principle. The governing point in the latter case is, that the court below had entered judgment on the award before the expiration of fifteen days from its date; by which premature judgment, one party was surprised and prevented from making objections to the award, not knowing that it would be returned sooner than the statute permitted. The argument of the court in the case of Shult vs. Travis appears to us correct» The proviso in that opinion would seem to restrict the opportunities of knowing when the award would be returned, to notice of the time and place, or to the presence of the parties at the making of the award. In that case, it was unnecessary to go farther; that produced an affirmance of the judgment; and it was not required of the court to travel out of the record to lay down a principle not embraced by the case before them, and to which their attention was not directed. But we deem a delivery of copies of the axvard to the parties as affording them a sufficient opportunity to appear and shew cause against entering the award as the judgment or decree of the court; and therefore, that the general reasoning in the case of Shult vs. Travis applies to this.
Whether the predication aimed at by the last assignment is true or not, does not appear upon the record ; and it was properly abandoned by the counsel who argued the cause.
Upon the whole it seems to this court that none of the errors assigned are sufficient to cause the decree of the Bourbon circuit court to be reversed : wherefore, it is decreed and ordered, that the said decree be affirmed.